IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PIERRE A. PLOTKINS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br><br>REAL PROPERTY ASSESSMENT<br>DIVISION, DEPARTMENT OF<br>FINANCE, COUNTY OF KAUAI,<br><br>　　　　Defendant. | Civ. No. 16-00163 HG-KSC |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 8) WITH PREJUDICE**

　　　Plaintiff Pierre A. Plotkins has filed a Complaint against the Real Property Assessment Division of the Department of Finance for the County of Kauai.  Plaintiff claims that the County of Kauai improperly denied his requests for a home exemption credit that resulted in him having to pay higher property taxes than he should owe.

　　　Plaintiff asserts the County initiated foreclosure procedures as a result of Plaintiff's failure to pay his property taxes.  Plaintiff claims that the County took his property in violation of the Due Process Clause of the 5th and 14th Amendments to the United States Constitution.

　　　The County of Kauai has filed a Motion to Dismiss asserting

1

that Plaintiff's Complaint is barred from being litigated in federal court because his claims were already adjudicated by Hawaii State Courts.  The County asserts that Plaintiff already challenged the issues relating to the home exemption credit and the calculation of his property taxes before the Tax Appeal Court of the State of Hawaii in 2007 and 2011.  The County states the Plaintiff also filed a proceeding in the Fifth Circuit Court of the State of Hawaii for removal of his property tax lien filed on April 4, 2012, which was denied and dismissed on December 27, 2012.

The Court finds that it lacks subject-matter jurisdiction over Plaintiff's Complaint as his claims are barred by the Rooker-Feldman doctrine.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983).

Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**.

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

### PROCEDURAL HISTORY

On April 15, 2016, Plaintiff filed a Complaint.  (ECF No. 1).

On May 9, 2016, Defendant filed DEFENDANT REAL PROPERTY ASSESSMENT DIVISION, DEPARTMENT OF FINANCE, COUNTY OF KAUAI'S

MOTION TO DISMISS COMPLAINT FILED APRIL 15, 2016.  (ECF No. 8).

On May 10, 2016, the Court issued a briefing schedule indicating Plaintiff was to file his Opposition to Defendant's Motion to Dismiss on or before May 24, 2016.  (ECF No. 9).

On May 18, 2016, Defendant filed an Errata to its Motion to Dismiss.  (ECF No. 11).

On May 31, 2016, Plaintiff filed his Opposition to Defendant's Motion to Dismiss.  (ECF No. 14).

On the same date, Plaintiff filed a Request for an Extension of Time requesting the Court to accept the late filing of his Opposition.  (ECF No. 14-6).

On June 2, 2016, the Court issued a Minute Order granting Plaintiff's Request for an Extension of Time and accepted the late filing of Plaintiff's Opposition.  (ECF No. 17).  The Court also permitted Defendant additional time to file its Reply and continued the hearing.  (<u>Id.</u>)

On June 13, 2016, Plaintiff filed a document entitled, "PLAINTIFFS' PIERRE A PLOTKINS NON-HEARING MOTION FOR EXCUSE FOR ELECTRONIC SUBMITTAL AND DELAYED MAIL FILINGS FROM CANADA."  (ECF No. 18).

On June 22, 2016, the Court issued a Minute Order denying Plaintiff's Motion (ECF No. 18) as moot because Plaintiff's filing had already been accepted by the Court and Plaintiff did not have any other pending documents for the Court to review.

3

(ECF No. 22).

On July 12, 2016, Plaintiff filed a document entitled, "PLAINTIFF RESPONSE IN OPPOSITION TO DEFENDANT MOTION TO DISMISS COMPLAINT ADDENDUM." (ECF No. 24).

On July 20, 2016, the Court held a hearing on Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff claims that between 1996 and 2009, the Defendant Real Property Assessment Division, Department of Finance, County of Kauai ("Defendant County") denied his request for a home exemption credit when assessing his real property taxes. (Complaint at ¶¶ 1-2, ECF No. 1).

Plaintiff asserts that after new rules, regulations, and procedures were promulgated in May 2010, he was still denied a home exemption without due process. (Id. at ¶¶ 3-4).

Plaintiff alleges that the Defendant County filed "illegitimate" liens against his property in 2010 and 2012 which resulted in foreclosure proceedings being initiated against him in May 2015. (Id. at ¶¶ 5-6).

Plaintiff has already challenged the denial of his home exemption requests, the calculation of his property taxes by the Defendant County, and the liens filed against his property in three separate proceedings in Hawaii State Courts.

**Case No. 07-0108 in the Tax Appeal Court of the State of Hawaii**

On November 30, 2007, Plaintiff filed a Notice of Appeal to Tax Appeal Court in Case No. 07-0108, with the Tax Appeal Court of the State of Hawaii, challenging the denial of his home exemption requests and challenging the calculation of his property taxes.  (Notice of Appeal to Tax Court, Case No. 07-0108, dated November 30, 2007, attached as Ex. 1 to Def.'s Motion, ECF No. 11-2).

On January 7, 2014, the Tax Appeal Court of the State of Hawaii issued a Judgment, finding in favor of Plaintiff Plotkins as to his home exemption claims and in favor of the County of Kauai as to the property tax claims.  (Judgment in 07-0108, dated January 7, 2014, attached as Ex. 2 to Def.'s Motion to Dismiss, ECF No. 11-3).

**Case No. 11-1-0001 in the Tax Appeal Court of the State of Hawaii**

On January 5, 2011, while Plaintiff's appeal in Case No. 07-0108 was pending before the Tax Appeal Court, Plaintiff filed another Notice of Appeal to Tax Appeal Court in Case No. 11-1-0001, with the Tax Appeal Court of the State of Hawaii.  (Notice of Appeal to Tax Court, Case No. 07-0108, dated January 5, 2011, attached as Ex. 3 to Def.'s Motion, ECF No. 8-5).  Case No. 11-1-0001 challenged a decision by the Board of Review, County of Kauai, that denied Plaintiff's challenge to his property tax

assessments for the year 2010-2011.  (Id.)

On February 16, 2012, the Tax Appeal Court of the State of Hawaii issued a Judgment, finding against Plaintiff and in favor of the County of Kauai.  (Judgment in 11-1-0001, dated February 16, 2012, attached as Ex. 4 to Def.'s Motion to Dismiss, ECF No. 8-6).

**Case No. 12-1-0012 in the Circuit Court of the Fifth Circuit, State of Hawaii**

On April 4, 2012, Plaintiff filed a Petition for Removal of Property Tax Lien in the Circuit Court of the Fifth Circuit, State of Hawaii.  (Petition for Removal of Property Tax Lien in Case No. 12-1-0012, dated April 4, 2012, attached as Ex. 5 to Def.'s Motion to Dismiss, ECF No. 11-4).  Plaintiff's Petition challenged the denial of his claims for home exemption credits between 1996 and 2006, the assessment of his property taxes by the County of Kauai, the decisions by the Tax Appeal Court of the State of Hawaii, and the real property tax liens imposed by the County of Kauai.  (Id.)

On December 27, 2012, the Circuit Court of the Fifth Circuit State of Hawaii issued an Order Granting Respondent County of Kauai Department of Finance's Motion to Dismiss Petitioner's Petition for Removal of Property Tax Lien Filed on April 26, 2012.  (Order Granting the Respondent's Motion to Dismiss in Case No. 12-1-0012, dated December 27, 2012, attached as Ex. 6 to

Def.'s Motion to Dismiss, ECF No. 11-5).

On the same date, the Circuit Court of the Fifth Circuit, State of Hawaii, issued an Order Denying Petitioner's Petition for Removal of Property Tax Lien Filed on April 4, 2012. (Order Denying the Petition in Case No. 12-1-0012, dated December 27, 2012, attached as Ex. 7 to Def.'s Motion to Dismiss, ECF No. 11-6).

## **STANDARD OF REVIEW**

A plaintiff has the burden of proving that subject-matter jurisdiction does in fact exist. Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge, therefore, mirrors a

traditional motion to dismiss analysis.

The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor."  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

## **ANALYSIS**

The Court construes Plaintiff's pleadings liberally because he is proceeding pro se.  Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).

### I.   Judicial Notice

The Defendant Real Property Assessment Division, Department of Finance, County of Kauai ("Defendant County") asks the Court to take judicial notice of various documents related to the state court actions filed by the Plaintiff.

The Court may consider exhibits attached to the Complaint and documents whose contents are incorporated by reference in the Complaint without converting a motion to dismiss to a motion for summary judgment.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

The Court may also consider matters that are the proper

subject of judicial notice pursuant to Federal Rule of Evidence 201.  Lee, 250 F.3d at 688-89; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (stating that courts must consider the complaint in its entirety as well as other sources courts ordinarily examine when ruling on motions to dismiss, in particular documents incorporated into the complaint by reference, and matters of which a court may take judicial notice).

Exhibits 1 through 7 attached to Defendant's Motion to Dismiss are state court records from the three proceedings that Plaintiff filed in Hawaii State Courts.  The evidence bears directly on whether the Court can properly exercise jurisdiction over this case.

It is well established that federal courts may take judicial notice of related state court orders and proceedings in deciding a Motion to Dismiss.  ScripsAmerica, Inc. v. Ironridge Global LLC, 56 F.Supp.3d 1121, 1136 (C.D. Cal. 2014) (citing United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007)).

Defendant's Request for the Court to take judicial notice of Exhibits 1 through 7 is **GRANTED**.

**II. The Court is Without Subject Matter Jurisdiction Pursuant to the Rooker-Feldman Doctrine**

The origin of the Rooker-Feldman doctrine can be traced to the two United States Supreme Court decisions bearing their

names.  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983).

In Rooker, an unsuccessful state court plaintiff filed suit in federal district court, alleging that the state court decision rested upon an unconstitutional state statute.  The United States Supreme Court affirmed the district court's ruling that it had no jurisdiction over the matter, stating that the jurisdiction of federal district courts is strictly original.  Rooker, 63 U.S. at 416.  The United States Supreme Court explained that once the state court has rendered a decision, even if incorrect, only the United States Supreme Court can reverse or modify that judgment. Id. at 415-16.

In Feldman, the plaintiffs filed a petition with the District of Columbia seeking a waiver of a bar admission rule. 460 U.S. at 462.  The plaintiffs proceeded to federal district court after having received an adverse ruling.  The United States Supreme Court ruled that the district court lacked subject matter jurisdiction over the denial of their petitions to be admitted to the bar, even though the challenges alleged that the state court's action was unconstitutional.  Id. at 476.

The Rooker-Feldman doctrine rests upon the principle that federal district courts are without the authority to exercise appellate review of the state judicial process.  Henrichs v.

Valley View Development, 474 F.3d 609, 613 (9th Cir. 2007).

The United States Supreme Court has explained that the dual system of federal and state courts could not function if state and federal courts were free to fight each other for control of a particular case. Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286 (1970) (citing Oklahoma Packing Co. v. Gas Co., 309 U.S. 4, 9 (1940)). The Rooker-Feldman doctrine serves to prevent needless friction between state and federal courts. Id.; Henrichs, 474 F.3d at 613.

The Rooker-Feldman doctrine bars any suit in federal court that seeks to disrupt or undo a prior state court judgment. Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003). A complaint challenging a state court's factual or legal conclusion constitutes a forbidden de facto appeal under Rooker-Feldman. Manufactured Home Communities, Inc. v. City of San Jose, 420 F.3d 1022, 1030 (9th Cir. 2005).

There are exceptions to the Rooker-Feldman doctrine. The Rooker-Feldman doctrine does not apply to a general constitutional challenge, meaning one that does not require review of a state court decision. Worldwide Church of God v. MacNair, 805 F.2d 888, 891 (9th Cir. 1986). If the federal constitutional claim is inextricably intertwined with the state court ruling, however, the Rooker-Feldman doctrine applies to bar the party's claims. Doe & Associates Law Offices v. Napolitano,

252 F.3d 1026, 1029 (9th Cir. 2001) ("If the federal constitutional claims presented to the district court are 'inextricably intertwined' with the state court's judgment, then Doe is essentially asking the district court to review the state court's decision, which the district court may not do."); Cooper v. Ramos, 704 F.3d 772, 777-78 (9th Cir. 2012).

The entire basis of Plaintiff's Complaint is that he believes that the County of Kauai improperly taxed his real property and that the Hawaii State Courts did not rule in his favor when he challenged the tax assessments on his property.

Plaintiff does not dispute that he already adjudicated his claims in Hawaii State Court.  Plaintiff stated in his Opposition that "[b]oth the County Board of Review, and the Hawaii State Tax Appeal Court, have abdicated their responsibilities, as did the Hawaii State Circuit Court, which was mislead by the County, and failed to properly deal with the issue of illegitimate liens." (Opposition at p. 3, ECF No. 14).

Plaintiff requests that the federal District Court overturn the decisions of the Hawaii State Courts.  (Opposition at p. 8, ECF No. 14).  Plaintiff seeks a judgment from this Court finding that the Hawaii State Courts improperly determined that there was a legitimate lien on his real property for his failure to pay his property taxes and that there was a basis for bringing a foreclosure action.  (Id.; Complaint at p. 3, ECF No. 1).

The District Court is barred from ruling on Plaintiff's Complaint because of the Rooker-Feldman doctrine. Ruling in favor of Plaintiff's Complaint would effectively reverse and void the decisions of the Hawaii State Courts. Cooper, 704 F.3d at 781-82.

The Rooker-Feldman doctrine divests federal district courts of jurisdiction to conduct review of state court judgments even when the state court decision is challenged as unconstitutional. Rooker, 63 U.S. at 416; Worldwide Church of God, 805 F.2d at 891. If Plaintiff believes that the Hawaii state judicial proceedings violated his constitutional rights, his recourse is to appeal the decisions through the Hawaii state courts and, if still unsatisfied, seek review in the United States Supreme Court. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 8) is **GRANTED.**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

Amendment is not permitted as granting leave to amend would be futile in light of the Rooker-Feldman doctrine. Read v. de Bellefeuille, 577 Fed. Appx. 647, 647-48 (9th Cir. 2014) (citing Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc)).

**CONCLUSION**

Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**.

Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE.**

The Clerk of the Court is ordered to close the case.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, July 20, 2016.

_____
Helen Gillmor
United States District Judge

Pierre A. Plotkins vs. Real Property Assessment Division, Department of Finance, County of Kauai; Civ. No. 16-00163 HG-KSC; **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 8) WITH PREJUDICE**

14